# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAUS KOZUB,<br><br>                     Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                     Defendant. | Case No.: 15-CV-2564 W (DHB)<br><br>**ORDER GRANTING APPLICATION FOR AWARD OF ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [DOC. 27]** |

      Pending before the Court is Plaintiff's application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). [Doc. 27.] The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Plaintiff's application.

//
//
//
//
//
//
//

1

## I. BACKGROUND

On March 26, 2011, Plaintiff Nicholaus Lee Kozub filed an application for Supplemental Security Income alleging disability beginning May 15, 2007. (*See Report & Recommendation ("R&R")* [Doc. 22] 2:14–17.) Kozub's claims were initially denied on October 24, 2011, and upon reconsideration on April 2, 2012. (*See id.* [Doc. 22] 2:16–17.) On June 1, 2012, Kozub requested a hearing before an Administrative Law Judge ("ALJ"), which took place on January 23, 2014. (*See id.* [Doc. 22] 2:17–20.) ALJ Elizabeth R. Lishner decided that Kozub was not disabled within the meaning of the Social Security Act and denied Kozub's application on April 29, 2014. (*See id.* [Doc. 22] 2:18–20.) The Appeals Council denied Kozub's request for review on October 5, 2015. (*Id.* [Doc. 22] 3:10–12.)

On November 13, 2015, Mr. Kozub filed a Complaint seeking judicial review of the adverse administrative decision. (*See Compl.* [Doc. 1].) He filed a motion for summary judgment on May 6, 2016. (*See Pl.'s MSJ* [Doc. 13].) Defendant filed a cross-motion for summary judgment on July 21, 2016. (*See Def.'s MSJ* [Doc. 18].) On December 13, 2016, United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("R&R"), which recommended that Plaintiff's motion for summary judgment be granted, that Defendant's motion for summary judgment be denied, and that the case be remanded for further proceedings. (*See R&R* [Doc. 22].) Defendant did not object to the R&R. On January 9, 2016, the Court adopted Judge Porter's R&R in its entirety and ordered the case remanded for further proceedings. (*Jan. 9, 2017 Order* [Doc. 23].)

On March 16, 2017, Plaintiff filed the pending application for attorneys' fees. (*Pl.'s App.* [Doc. 27].) Plaintiff seeks 45.7 hours of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), at a rate of $190.28/hour for work completed in 2015 and $192.68/hour for work completed in 2016—an amount

totaling $8,782.91.[1] (*See Angelo Decl.* [Doc. 27-2] ¶ 7; *Reply* [Doc. 30] 6:3–6.) Despite the fact that it did not object to the R&R, Defendant opposes, contending that Plaintiff is not entitled to fees at all. (*Def.'s Opp'n* [Doc. 29-1] 3:7–6:18.) Alternatively, it contends that Plaintiff should only be compensated for 18.1 hours of attorney work at the same rate, for $3,479 in total. (*Id.* [Doc. 29-1] 6:19–10:4.)

## II. LEGAL STANDARD

**Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.**

28 U.S.C. § 2412(d)(1)(A).

To the extent that Plaintiff is entitled to fees under the EAJA, such fees much be "reasonable." See 28 U.S.C. § 2412(d)(2)(A). A reasonable attorneys' fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. See McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The product of those two figures, known as a lodestar, must then be adjusted downward by any claimed hours that were not reasonably expended. See id. "Ultimately, a

---

[1] Plaintiff initially requested compensation for 45.7 hours of attorney time in connection with this matter. This comprises 9.4 hours in 2015, 32.7 hours in 2016, and 0.9 hours in 2017. (*See Angelo Decl.* [Doc. 27-2] ¶ 7.) As discussed in Section III.B., *infra*, hours in 2015 are compensated at the rate of $190.28, and hours in 2016–17 at the rate of $192.68. (*See Statutory Maximum EAJA Rates* [Doc. 27-2, Exh. A].) In sum, Plaintiff's initial request was $8,782.90. (*Angelo Decl.* [Doc. 27-2] ¶ 7; *Pl.'s App.* [Doc. 27-1] 6:15–18.)

In the reply, Plaintiff's attorney recognizes a mathematical error in his initial calculations. (*See Reply* [Doc. 30] 1:27–2:3.) His request for 9.4 hours in 2015 remains the same, but he alters his request for 2016 hours downward by 4.4 hours to 28.3 total, and he eliminates his original request for 2017. (*Id.*) He then seeks an additional 5.3 hours for the preparation of the reply brief in 2017—in short, the total request increases with the reply brief by one cent to $8,782.91. (*Id.*)

3

'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.' " Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).

## III. DISCUSSION

### A. The Government's Position was Not Substantially Justified.

The government contends that the Plaintiff is not entitled to attorneys' fees at all because it was substantially justified in defending this case. (*See Def.'s Opp'n* [Doc. 29-1] 1:8–6:18.)

A position is "substantially justified" if it is reasonable in law and fact. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government has the burden of demonstrating that its position was substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). "[Its] failure to prevail does not raise a presumption that its position was not substantially justified." Id. However, "it 'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.' " Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005)). The Court looks to the totality of the circumstances, analyzing both the government's asserted position in the trial court action and the nature of the underlying administrative action. See Kali, 854 F.2d at 332.

Judge Porter's R&R noted three legal errors in the ALJ's decision: (1) the ALJ failed to determine whether Plaintiff's impairment manifested prior to age 22; (2) the ALJ left it unclear as to whether she rejected Plaintiff's IQ score; and (3) the ALJ did not consider whether Plaintiff's anxiety imposes a significant work-related limitation. (*R&R* [Doc. 22] 7:3–9:26.) The government did not object to the R&R. (*See Jan. 9, 2017 Order* [Doc. 23].)

//

The government offers Campbell,[2] 736 F.3d at 867, for the proposition that not every Social Security remand should result in a fees award. (*Def.'s Mot.* [Doc. 29-1] 2:15–24.) That is a correct statement of the law, but it is beside the point here.

In Campbell, the ALJ had to make a determination as to whether that claimant had been disabled in the past, during a period in which there was an absence of records to examine. See id. at 868–69. "The ALJ . . . had to consider circumstantial evidence that [the claimant] cared for her children and worked during that time, which justified doubts that [she] was fully disabled." Id. "While the ALJ erred in her determination, . . . the fact that she was trying to extrapolate what Campbell's injury may have been in 1996 from other evidence regarding a disease which may worsen at varying rates [led the court] to conclude that the ALJ's decision was 'substantially justified.'" Id. (quoting 28 U.S.C. § 2412(d)(1)(A)). "The difference between examining current medical records to make a decision about a present condition and extrapolating from medical records to make a decision about a past condition distinguishes this case from [precedent]." The Ninth Circuit held that case one of the "unusual" cases in which attorneys' fees should not be awarded under the EAJA, despite circumstances warranting remand. See id. at 869.

Here, as Magistrate Judge Porter pointed out in the R&R—to which the Government did not object—the ALJ committed three legal errors in analyzing the present existence of an intellectual disability. (*See R&R* [Doc. 22].) First, the ALJ did not make a specific finding as to whether Plaintiff's IQ deficits began prior to age 22. (*See R&R* [Doc. 22] 7:3–26.) Second, the ALJ left it unclear as to whether she rejected Plaintiff's IQ score of 65. (*See id.* [Doc. 22] 8.) Third and finally, the ALJ did not consider whether Plaintiff's anxiety was an additional and significant work-related limitation. (*See id.* [Doc. 22] 9.) These errors required no guesswork or extrapolation.

---

[2] It erroneously cites the case as Campbell v. Colvin. (*Def.'s Opp'n* [Doc. 29-1] 2:17.)

5

They related directly to a present condition. They are not analogous to what was required of the ALJ in Campbell. See 736 F.3d at 868–69.

At this point, nearly four months have passed since the government declined to object to the adverse R&R, which then became the order of the Court. (*See Jan. 9, 2017 Order* [Doc. 23].) Despite the failure to object, the government now opposes Plaintiff's fees motion without offering any persuasive reasoning as to how or why its position was substantially justified in light of Judge Porter's analysis. (*Def.'s Opp'n* [Doc. 29-1] 4:26–5:17 (asserting that Plaintiff "never alleged that he had an intellectual disability at any stage of the administrative proceedings"—an issue mentioned in the R&R and discussed in depth in the parties' preceding briefs[3]); 5:18–20 ("[T]he ALJ properly found that Plaintiff did not have a valid IQ score of 60–70 and a physical or mental impairment imposing and additional and significant work-related limitation of function."[4]); 5:28–6:1 ("[T]he ALJ properly found that Plaintiff was not disabled under the Listings based on the overall record . . . .").) These issues have already been litigated.

This is not the "decidedly unusual case in which there is substantial justification under the EAJA, even though the agency's decision was reversed as lacking in reasonable, substantial, and probative evidence in the record." See Campbell, 736 F.3d at 868 (quoting Thangaraja, 428 F.3d at 874). Defendant does not show that its position was substantially justified so as to preclude an award of fees pursuant to the EAJA. See Pierce, 487 U.S. at 565; Kali, 854 F.3d at 332.

---

[3] Ninth Circuit law is clear that the Court is constrained to review the reasons for an ALJ's decision. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). As the ALJ addressed intellectual disability per Listing 12.05 in her decision despite Plaintiff's apparent failure to raise the issue, that failure to raise the issue is, by definition, not a reason for the ALJ's decision and is not reviewable on appeal.

[4] Judge Porter addressed each of these respective issues in her R&R. (*See R&R* [Doc. 22] 8:1–28; 9:1–26.)

6

## B. Billing Rate

Pursuant to the EAJA rate and Ninth Circuit Rule 39-1.6, Plaintiff seeks to be compensated at an hourly rate of $190.28 for hours in 2015 and $192.68 for hours in 2016. (*See Pl.'s Reply* [Doc. 30] 1:27–28; *Statutory Maximum EAJA Rates* [Doc. 27-2, Exh. A].) Defendant also uses $190.28 and $192.68 in its calculation of Plaintiff's billing rate. (*See Def.'s Opp'n* [Doc. 29-1] 10:3–4.) The parties do not appear to dispute that this is a reasonable rate for Mr. Angelo's work. $190.28/hour for work completed in 2015 and $192.68 for work completed in 2016 are reasonable hourly rates. See 28 U.S.C. § 2412(d)(2)(A).

## C. Hours of Work Performed

Plaintiff seeks compensation for 9.4 hours of attorney work in 2015, 28.3 hours in 2016, and 5.3 hours in 2017. (*See Pl.'s Reply* [Doc. 30] 1:27–28, 2:1–2.)

Factors in determining how much time an attorney could reasonably spend on a particular case include the complexity of the legal issue, the procedural history, and the size of the record. See Costa v. Comm'r of SSA, 690 F.3d 1132, 1136 (9th Cir. 2012).

"[S]ocial security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." Costa, 690 F.3d at 1134 n.1. This case was no exception. The administrative record was complex, containing over 350 pages. (*See A.R.* [Docs. 10–11].) Plaintiff's case necessitated an in-depth review of these documents. In addition, his attorney prepared, briefed, and filed a motion for summary judgment, a reply to the government's cross-motion for summary judgment, the pending motion for EAJA attorneys' fees, and a reply to the government's objection to the motion for attorneys' fees. [Docs. 13, 20, 27, 30.]

The government seeks to cut Plaintiffs' fees so dramatically that he would be compensated for less than 40% of his requested amount—only "18.1 hours of attorney time." (*See Def.'s Opp'n* [Doc. 29-1] 6:19–10:4.) This portion of the opposition lacks a cogent line of reasoning in support of this drastic request. In essence, the government

7

appears to contend that "Plaintiff's counsel is an experienced practitioner, well[-]versed in Social Security matters," and as a result of being an accomplished attorney he should not have spent 28.1 hours reviewing a 351-page administrative record and briefing both the successful motion for summary judgment and the now-pending EAJA fees motion. (*Id.*)  Instead, according to the government, he should have worked over twice as fast. This is without merit.

45.7 hours in total reflects "the time [that] could reasonably have been billed to a private client" for this work.  See Moreno, 534 F.3d at 1111.  Multiplied by an hourly rate of $190.28 for the 9.4 hours completed in 2015 and $192.68 for the 36.3 hours completed in 2016, the total amount is $8,782.91.  See McGrath, 67 F.3d at 252.  There is no good reason to depart from this figure.

Mr. Kozub is entitled to $8,782.91 in attorneys' fees.  See 28 U.S.C. § 412(d)(1)(A).

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's application for attorneys' fees.  [Doc. 27.]

Mr. Kozub is awarded attorneys' fees in the amount of $8,782.91.

**IT IS SO ORDERED.**

Dated:  June 21, 2017

Hon. Thomas J. Whelan
United States District Judge